## IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

JEFFREY A. BARITZ

    Plaintiff

v.

CENTURY DISTRIBUTORS, INC.

   Serve on Resident Agent:
   DEBRA S. ROBINS
   11601 Broad Green Court
   Potomac, Maryland 20854

    Defendant

Case No. 387214-V

RECEIVED

FEB 12 2014

Clerk of the Circuit Court
Montgomery County, Md.

### COMPLAINT

COMES NOW the Plaintiff, JEFRREY A. BARITZ, by and through counsel, Ronald S. Canter, Esq., Bradley T. Canter, Esq., and the Law Offices of Ronald S. Canter, LLC, and files suit against Defendant Century Distributors, Inc., and respectfully represents unto this Court:

### JURISDICTION

1. Plaintiff, JEFRREY A. BARITZ (hereinafter "Baritz"), is 62 years old and now is and at all relevant times has been a resident of Montgomery County, Maryland.

2. Defendant, CENTURY DISTRIBUTORS, INC. ("Century"), is a Maryland corporation with its principal place of business in Rockville, Montgomery County, Maryland.

3. This Court has jurisdiction over Defendant pursuant to Md. Code, Courts and Judicial Proceedings, § 6-102(a).

4. This Court is the proper venue for this action pursuant to Md. Code, Courts and Judicial Proceedings, § 6-201(a).

### BACKGROUND FACTS

### Facts Relating to Plaintiff's Employment

5. The allegations in Paragraphs 1 through 4 are incorporated herein as though repeated in full.

6. Defendant is a wholesale distributor of candy, tobacco and snack foods in the Washington, D.C. and Baltimore metropolitan area with clients that are convenience stores, gas stations, schools, drug stores, and others.

7. Around 2003, Plaintiff, Jeffrey Baritz, started employment with Defendant after Defendant acquired Plaintiff's prior employer's business where Plaintiff had been employed for six (6) years.

8. Mr. Baritz was employed as a salesperson for Defendant and was responsible for making new sales as well as maintaining existing clients.

9. As part of his employment, Mr. Baritz signed a "Non-Compete Agreement," attached as Exhibit 1.

10. On October 16, 2013, Mr. Baritz was terminated from his employment by the Defendant without just cause and for reasons as more fully set forth herein.

11. Despite terminating Mr. Baritz without cause, Defendant attempted to cover up its conduct by writing to Mr. Baritz's former customers and making the false claim that Mr. Baritz left the company to pursue other options.

12. Many of Mr. Baritz's prior customer routes were assigned to a younger employee in her 20's, whose father is Defendant's customer.

### Facts Relating to Plaintiff's Injury

13. The allegations in Paragraphs 1 through 12 are incorporated herein as though repeated in full.

14. On July 6, 2012, Mr. Baritz was injured during the course of his employment when he slipped and fell while travelling to a customer's store.

15. Mr. Baritz filed a claim with the Maryland Workers' Compensation Commission (Claim No. B767903).

16. One week after Plaintiff's injury, Plaintiff was told he must come back to work or that his customers would be given to other salespeople.

17. Despite returning to work at the demands of Defendant, Mr. Baritz continued to experience symptoms, had recurring pain and discomfort and was unable to properly perform the physical requirement of his job.

18. Mr. Baritz took off work in December 2012 to seek treatment for bursitis on his left leg.

19. In June 2013 Mr. Baritz was still having trouble walking, and sought additional treatment for tendinitis in his left foot for which a doctor ordered an MRI.

20. On June 21, 2013, the day Mr. Baritz was going in to the doctor for an MRI, he received an email from Lori Rodman, Mr. Baritz's supervisor, indicating that Plaintiff should not "even think about calling in sick or asking for help" and attaching a picture showing a man in a full body cast with the caption "Bosses be like…you're still coming to work right?" Exhibit 2.

21. After receiving the email and picture, Mr. Baritz was intimidated into not requesting any more time off to receive the proper treatment for his injuries.

### Count One – Violation of Maryland Workers' Compensation Act
(MD Code, Labor and Employment, § 9-101 *et seq.*)

22. The allegations in Paragraphs 1 through 21 are incorporated herein as though repeated in full.

23. Mr. Baritz is a "covered employee" under the Maryland Workers' Compensation Act.

24. Century is an "employer" under the Maryland Workers' Compensation Act.

25. After his workplace accident on July 6, 2012, Mr. Baritz filed a claim with the Maryland Workers' Compensation Commission (Claim No. B767903).

26. After filing his claim, Mr. Baritz was subject to abusive treatment from his direct supervisor, Lori Rodman. *See*, Exhibit 2.

27. Mr. Baritz was ultimately terminated solely because he filed a claim for compensation with the Workers' Compensation Commission and/or in the alternative because he filed a claim with the Workers' Compensation Commission and for other discriminatory reasons not allowed by law including discrimination due to age.

28. Under the Maryland Workers' Compensation Act, "[a]n employer may not discharge a covered employee from employment solely because the covered employee files a claim for compensation under this title." § 9-1105(a).

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant for damages in excess of $75,000.00, plus reasonable attorneys' fees, costs, and such other relief as this Court deems just.

### Count Two – Violations of Family Medical Leave Act (FMLA)
(28 U.S.C.A. § 2601 *et seq.*)

29. The allegations in Paragraphs 1 through 28 are incorporated herein as though repeated in full.

30. Plaintiff is an "eligible employee" as defined by the Family Medical Leave Act ("FMLA") 28 U.S.C.A. § 2611(2).

31. Defendant is an "employer" under 28 U.S.C.A. § 2611(4).

32. The injuries sustained by Mr. Baritz on July 6, 2012 constituted a "serious health condition" under the FMLA.

33. Because the condition made Mr. Baritz unable to perform the functions of his

employment, he was entitled to a total of 12 work weeks of leave pursuant to the provisions of the FMLA.

34. Although Mr. Baritz suffered injuries and disabilities that prevented him from performing the functions of his employment, Defendant pressured and intimidated him to return to work before he was at full recovery despite the fact that Plaintiff's treating physician recommended further time off.

35. Mr. Baritz only took one week off after the slip and fall on July 6, 2012, took one day off in December 2012 for a doctor visit, and requested time off for a day on June 21, 2013 to have an MRI conducted on his left foot on account of pain and swelling in his foot.

36. Defendant intimidated Mr. Baritz from asking for more unpaid leave by demanding he return to work, threatening to give his customer accounts to other salespeople, and sending intimidating emails regarding his injuries. *See*, Exhibit 2.

37. By intimidating Mr. Baritz to not take his entitled leave, Defendant attempted to deny the exercise of Mr. Baritz's rights under the FMLA.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant for damages in excess of $75,000.00, plus reasonable attorneys' fees, costs, and such other relief as this Court deems just.

### Count Three – Declaratory Judgment and Injunctive Relief related to Non-Compete Agreement

38. The allegations in Paragraphs 1 through 37 are incorporated herein as though repeated in full.

39. Defendant business is the distribution of convenience items at drug stores and gas stations.

40. The Non-Compete Agreement prohibits for two years following termination of his

employment, Mr. Baritz from "engag[ing] in the solicitation of sales from the Employer's Customers." Exhibit 1, ¶ 2.2(a).

41. The Non-Compete Agreement is overbroad as to the types of sales that are prohibited.

42. Mr. Baritz seeks a declaration that Defendant may not enforce the Non-Compete Agreement.

43. Defendant should also be enjoined from attempted to enforce the Non-Compete Agreement.

WHEREFORE, Plaintiff respectfully requests that this Court declare the Non-Compete Agreement void, enjoin Defendant from enforcing the Non-Compete Agreement, and award Plaintiff reasonable attorney's fees, costs, and other such relief at this Court deems appropriate.

THE LAW OFFICES OF RONALD S. CANTER, LLC

/s/ Ronald S. Canter

Ronald S. Canter, Esquire
Bradley T. Canter, Esquire
200A Monroe Street, Suite 104
Rockville, Maryland 20850
Telephone: (301) 424-7490
Facsimile: (301) 424-7470
E-Mail: rcanter@roncanterllc.com
*Attorneys for Plaintiff*